[No. 14198.  Department Two.  November 27, 1917.]

C. O. HOSNER, *Trustee, etc., Respondent*, v. CONSERVATIVE
CASUALTY COMPANY, *James C. McKnight, Receiver,
Appellant.*[1]

APPEAL—DECISIONS APPEALABLE—ORDERS AFFECTING SUBSTANTIAL
RIGHTS—DENYING CALL ON UNPAID STOCK. An order denying an ap-
plication of an insolvent corporation for call and assessment and
collection of unpaid stock subscriptions, unless the receiver file a
bond for the payment of costs, and continuing the determination of
the debts and claims, after it was established *prima facie* that there
were no other assets to pay debts, and that the receiver had no
funds to pay costs, is appealable under Rem. Code, § 1716, subd. 6,
as an order affecting a substantial right which in effect determines
the proceedings and prevents final judgment or discontinues the
action.

Appeal from an order of the superior court for King coun-
ty, Jurey, J., entered March 21, 1917, denying the petition
of a receiver for an order determining the indebtedness of an
insolvent corporation and authorizing an action to enforce
unpaid stock subscriptions.  Reversed.

*Robert G. Cauthorn* and *Beechler & Batchelor*, for appel-
lant.

HOLCOMB, J.—This case is before us on the appeal of the
receiver and without any appearance or brief on the part of
the respondent.

Appellant filed his petition in the proceedings, alleging
that there were no assets belonging to the insolvent corpora-
tion, other than certain notes given for stock subscriptions
and unpaid subscriptions to the capital stock; that there
were claims unpaid; he asked that the debts be determined;
that he be authorized and directed to collect such unpaid as-
sets, and that a call or assessment for such unpaid subscrip-
tions be made by the court, and that, on default of payment,
he be authorized and directed to sue the subscribing stock-

[1]Reported in 168 Pac. 1122.

holders for the unpaid amount due on their subscriptions. The court directed that notice be given to all unpaid subscribers to the capital stock to come in and show cause, if any they had, why the petition of the receiver should not be granted. Due notice was served upon each and all of such subscribers who had not paid their stock subscription in full, and proof of such service was duly made. Five of the subscribers appeared personally and by attorney and filed their answers in the proceeding. The cause being at issue upon the pleadings and coming on for trial, the receiver presented his evidence, showing that there were no assets of the corporation other than the unpaid stock subscriptions, and that there were no funds to pay even the costs and expenses of the receiver. He also presents three claims: Claim No. 1, of George H. Boucher, for the amount due him from the insolvent corporation on a deficiency judgment obtained against it. This claim had been allowed by the receiver, and an order allowing same had been made by the court. Claim No. 2, of George H. Boucher, on indorsements to some eleven promissory notes. None of these were notes of any of the unpaid stockholders resisting the petition, and all had been indorsed by the insolvent company. This claim had been allowed by the receiver. Claim No. 3, of Dr. Osborne. This claim had been allowed by the receiver.

The court held that the showing of these claims allowed by the receiver made a *prima facie* case. Upon so holding, the receiver rested. The appearing stockholders then moved that the action as to them be dismissed, as a *prima facie* case had not been made as to them, which motion was denied.

The appearing stockholders then called one witness, George H. Boucher, whose testimony substantiated his claim No. 2.

The court entered a decision, of which the following paragraphs are assailed and appealed from:

"It is now ordered, adjudged and decreed by the court that all matters raised in this proceeding are not decided but

are hereby left open so that they may be fully heard and determined in the suit to be brought by the receiver against the stockholders hereinafter authorized to be sued as hereinafter provided.

"It is further ordered, adjudged and decreed that the petition of the receiver herein for an order to sue the unpaid subscriptions to the capital stock of the Conservative Casualty Company, a corporation, for the unpaid amounts due on their said stock subscriptions, be and the same is hereby denied, unless said receiver shall within ten days from this date file, or cause to be filed, with the clerk of this court a bond in the sum of five hundred ($500) dollars, conditioned for the payment of the costs of said suit so prayed for including a reasonable attorney's fee for defendant's attorney in case the receiver shall not recover, and in case said bond is so filed with the clerk of said court as herein provided said receiver is hereby authorized and directed to institute suit as herein prayed for, and in said suit all matters raised in this proceeding are left open to be therein raised and determined. To all of which matters and every part thereof, the receiver and Carroll and Bowerman, Powell Jordan and Walling excepts and which exceptions are allowed."

At the same time, the court refused to sign the receiver's proposed order, which contained the following orders:

"It is now ordered, adjudged and decreed by the court that all objections to the granting of this petition be and the same are overruled.

"It is further ordered, adjudged and decreed that the existing indebtedness of said Conservative Casualty Company is as follows, to wit: Claim No. 1, George H. Boucher, $1,140; Claim No. 2, George H. Boucher, $5,750 and interest. Claim No. 3, John M. Osborne, $300. In all the sum of $7,040.50, exclusive of the costs of this proceeding.

"It is further ordered, adjudged and decreed that due notice has been given of this proceeding as required by law and the order of this court.

"It is further ordered, adjudged and decreed that a call and assessment be and the same is hereby made against each and all of the subscribers of the capital stock of the Conservative Casualty Company, a corporation, for the unpaid amount due on their said stock subscriptions.

"It is further ordered, adjudged and decreed that the receiver of said Conservative Casualty Company, a corporation, be and he is hereby authorized and directed to collect all unpaid stock subscriptions of said corporation and he is further authorized and directed to commence an action against all parties for the several amounts still due on their respective stock subscriptions to said Conservative Casualty Company, a corporation, and that all of said subscribers may be joined as defendants in one action."

The receiver excepted to the denial of the foregoing order and decree.

It at first suggested itself to us that this was not an appealable order or decree. But, upon further reflection, we consider that it falls within subd. 6 of § 1716, Rem. Code, wherein an appeal is provided for "from any order affecting a substantial right in a civil action or proceeding, which either, (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action."

It was established *prima facie* in the trial below that there were no assets of the insolvent corporation other than the unpaid stock subscriptions, and that there were no funds with which to pay even the expenses of the receiver, and that there were three unpaid and approved claims of large amount.

The capital stock of a corporation constitutes a trust fund for the benefit of the creditors of the corporation. The subscribers of the capital stock who have not paid their stock subscriptions may be made to pay their subscriptions when there are outstanding debts of the corporation and the corporation has no assets other than the unpaid subscriptions with which to pay its debts. *Adamant Mfg. Co. v. Wallace,* 16 Wash. 614, 48 Pac. 415; *Bennett v. Thorne,* 36 Wash. 253, 78 Pac. 936, 68 L. R. A. 113.

It was, therefore, the duty of the receiver, under the facts shown in this case, to proceed as he did. Upon making the showing that was made, it became the duty of the court to order that a call be made upon the unpaid stock subscrip-

tions that they may have a hearing upon that question if so desired. It was also the duty of the court to determine the validity and amount of the claims of the creditors, and that could be determined in this proceeding, and it was not necessary nor proper for that matter to be continued and carried into any other action or proceeding. *Elderkin v. Peterson*, 8 Wash. 674, 36 Pac. 1089; *Silvain v. Benson*, 83 Wash. 271, 145 Pac. 175. The court's orders prevented the receiver from proceeding. He was ordered to give a bond within ten days, when he had just made a showing that he had no funds with which to pay costs or expenses. As an officer of the court he could not be required nor expected to procure private or personal bond, nor could he be required or expected to pay out of his own individual funds for procuring a compensated bond. The decree and order prayed for by the receiver should have been granted. The order appealed from is reversed.

ELLIS, C. J., MOUNT, CHADWICK, and MORRIS, JJ., concur.